UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Dennis K. Weaver,<br>Plaintiff,<br><br>v.<br><br>McElveen Buick-GMC, Inc.,<br>Defendant. | CASE NO.: 2:24-cv-03644-BHH-MHC<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.* and the US Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §621-634.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

    a. A charge of employment discrimination on the basis of age discrimination was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

    b. Notification of the Right to Sue was received from EEOC on or about April 4, 2024.

    c. This Complaint has been filed within 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

3. The Plaintiff, Dennis K. Weaver, is a citizen and resident of the State of South Carolina, and resides in Dorchester County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. The Defendant, McElveen Buick-GMC, Inc., upon information and belief, is a domestic corporation organized and operating under the laws of the State of South Carolina.

6. The Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the US Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634.

7. The Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the US Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634.

8. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the US Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634.

9. The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about April 17, 2016, the Plaintiff began working for the Defendant as a Salesman, and most recently as a Commercial Sales Professional. At all times, Plaintiff was effective and efficient in his work.

11. The Plaintiff was fifty-nine (59) years old at the time of the events and was an older employee as defined by the ADEA of 1967, as amended, 29 U.S.C. §630.

12. Plaintiff was a top performer during his tenure with Defendant.

13. On or about February 23, 2023, Plaintiff was subjected to discrimination by General Manager, Todd Smith, when Plaintiff was demoted from his position of Commercial Sales Manager, salary reduced by 2/3rds, and demo truck taken away in favor of a much younger individual, Stephen Butler, in his early thirties.

14. Around that time, Mr. Smith began making comments about hiring two younger Salesmen to replace Plaintiff.

15. It was the duty of the Defendant, by and through its agents, servants and/or employees, to prevent such acts of discrimination and behavior from occurring.

16. Plaintiff was then terminated on or about April 3, 2023, stating the company was cutting back on numbers. That reason being totally pretextual in nature. Plaintiff was replaced with a much younger employee who was under the age of 40.

17. At the time of Plaintiff's termination, Plaintiff was owed commissions on seven (7) vehicle sales, but to date has not been received.

18. Following Plaintiff's termination, the Plaintiff became aware that the Defendant hired a younger employee (under 40), with less experience.

## FOR A FIRST CAUSE OF ACTION
**Violation of Age Discrimination in Employment Act**

19. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

20. Plaintiff was a member of a protected group on the basis of his age. Plaintiff was an employee for a position that he was qualified for and was an individual over forty (40) years old. Plaintiff was retaliated against discharged from his position due to his age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the ADEA of 1967, as amended, 29 U.S.C. §630.

21. Defendant was wanton, and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to promote or continue to employ Plaintiff due to his age;

   b. In retaliating against Plaintiff by terminating and showing disparate treatment against Plaintiff; and

   c. By Defendant hiring, training, and replacing the Plaintiff with a younger individual with less experience.

22. Defendant violated ADEA of 1967, as amended, 29 U.S.C. §630 by allowing the discrimination to exist in the workplace.

23. Plaintiff's age was a determining factor in the retaliation, disparate treatment and termination of the Plaintiff. But for the Plaintiff's age, he would not have been terminated.

24. As a direct and proximate result of the acts and practices of Defendants in the discrimination, retaliation, disparate treatment and wrongful discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from loss of income, loss of benefits, other past and future losses, and attorney fees and costs.

## FOR A SECOND CAUSE OF ACTION
**Conversion**

25. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

26. The Defendant committed conversion against the Plaintiff in the following particulars to wit:

   (a)   In wrongfully withholding the Plaintiff's money from his possession;

   (b)   In withholding the Plaintiff's money with the intent to permanently deprive and defraud the Plaintiff of the use and benefit of the money; and

    (c)    In withholding the Plaintiff's property with the intent to permanently appropriate the property for the use of the Defendant or any other person other than the Plaintiff.

27. The Defendant also committed conversion against the Plaintiff by not surrendering the money upon his request for wages owed to him.

28. The Defendant converted said funds to their own use.

29. The Defendant's actions were without right or justification and constituted the conversion of the Plaintiff's property.

30. The Defendant acted maliciously and in bad faith in that they knowingly converted the Plaintiff's funds when in the exercise of reasonable care, they should have known their actions were wrongful.

31. That as a direct and proximate result the Plaintiff has suffered a loss of income and has been otherwise injured and damaged in such amount as a judge and jury may determine

## REQUEST FOR RELIEF

32. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

33. Due to the acts of the Defendant, Plaintiff suffered disgust, humiliation, embarrassment, shock and indignity, lost wages, loss of front pay, back pay and other work benefits.

34. That by reason of such wrongful acts of the Defendant, Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

5. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits he would have earned with all lost or diminished benefits such date to be determined by said damages to be doubled;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact said amount to be doubled; and

5. Judgment against Defendant, in such an amount of attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

*s/Matthew O. King*
Matthew O. King (Fed. ID# 13793)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
June 24, 2024.